Estate of Edith Fitz, Reginald Fitz and Phoebe M. Fitz, Executors v. Commissioner.
Estate of Edith Fitz v. Commissioner
Docket No. 4734.
United States Tax Court
1945 Tax Ct. Memo LEXIS 55; 4 T.C.M. (CCH) 968; T.C.M. (RIA) 45327; October 24, 1945
Phillips Ketchum, Esq., 1 Federal St., Boston, Mass., for the petitioners. Carl A. Stutsman, Jr., Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: This case involves an estate tax deficiency of $10,645.15. The issue is whether the Commissioner erroneously included $37,602.89 in the decedent's gross estate upon the ground that she exercised a power of appointment in her will by which said property passed. [The Facts] We find the facts to be as stipulated by the parties and as admitted by the pleadings. The petitioners are executors of the will and estate of Edith Fitz, late of Brookline, Massachusetts, deceased September 21, 1941, and have their principal office for purposes of said estate c/o Phillips Ketchum, 1 *56 Federal Street, Boston, Massachusetts. The petitioners filed an estate tax return for this estate with the collector for the district of Massachusetts on December 11, 1942. The total gross estate reported in the return was $147,595.71. In the notice of deficiency the Commissioner made certain adjustments which have been agreed to by the parties and are not now in controversy, reducing this figure to $147,331.34. In addition, the Commissioner in said notice of deficiency included in the gross estate of decedent an item of $37,602.89, being a portion of an amount over which the decedent possessed a power of appointment at the time of her death. The Commissioner determined in said notice of deficiency that $37,602.89 measured the extent to which said power of appointment was exercised by the decedent since, to that extent, her gross estate fell short of covering all legacies provided by the will and paying the Federal estate taxes due from said estate. This inclusion in the gross estate is in issue in the present case. The decedent was the donee of a testamentary power of appointment over certain property under the will of Elizabeth Loring Fitz, her mother, which will was duly proved *57 and allowed in and by the Probate Court for the County of Essex, Massachusetts, on December 31, 1928. Provision was made that, in default of appointment by Edith Fitz, the decedent, the property over which she had the power of appointment was to go to Edith's children living at the death of Edith, issue of any deceased child to take its parent's share by right of representation; in default of issue to the issue then living of the donor, by right of representation. Decedent left no children or issue of deceased children, but at her death there was living one son of Elizabeth Loring Fitz, namely, Reginald Fitz, entitled to take in the event of default of appointment, and no other issue of Elizabeth Loring Fitz, except children of Reginald Fitz, who, because their father was alive, were not entitled to take. In Article Fourth of the decedent's will, which will was duly proved and allowed in and by the Probate Court for the County of Norfolk, Massachusetts, on October 21, 1941, she gave to each of her nieces who should survive her the sum of $20,000 and to each of her nephews who should survive her the sum of $10,000, provided that if any such beneficiary should be less than 21 years *58 old at decedent's death the sum for that beneficiary should be temporarily held in trust until such child reached majority. Said Article Fourth also provided, in part, as follows: "* * * If my estate, including property received from the trustee under an indenture of trust made by me and dated December 26, 1929 under which New England Trust Company is now trustee, but not including any property over which I may have a power of appointment, is not sufficient to pay in full all the pecuniary legacies made by this will then I desire that the legacies given by this Article Fourth shall be paid from my said estate in preference to the legacies given by Articles Fifth, Sixth and Seventh and that the legacies given by Articles Fifth, Sixth and Seventh shall be paid from my said estate only from the balance remaining after all legacies given by this and prior Articles of this will have been paid in full." In Articles Fifth, Sixth and Seventh of said will certain additional pecuniary legacies were provided for. In Article Eighth of decedent's will it was provided, in part: "* * * I hereby direct and appoint that if and to the extent that my executors are not able from my estate, including *59 the property held in trust under an indenture of trust made by me and dated December 26, 1929 under which New England Trust Company is now Trustee, to pay in full the legacies given by Articles Fifth, Sixth and Seventh of this will, the deficiency shall be paid to the legatees under Articies Fifth, Sixth and Seventh as therein specified, from the property held in trust or in accordance with the will of my mother over which I have power of appointment * * * I expressly do not by any part of this will appoint how the balance of the property so held in trust under or in accordance with the will of my mother, shall be disposed of." Article Ninth of said will is as follows: "Ninth: All the rest, residue and remainder of my estate of every kind and nature of which I shall die seized or possessed or to which I shall be in any way entitled at my death, not, however, by this Article Ninth exercising any power to appoint property which I or my estate do not own outright, I give, devise and bequeath to my brother, Reginald Fitz, or if he shall die before me, to his issue surviving me, per stirpes." At decedent's death, there were living three nieces and two nephews, all children of Reginald *60 Fitz, entitled to benefit under the provisions of Article Fourth, supra. One niece and one nephew, Phoebe Fitz and Reginald H. Fitz, under dates of December 22, 1941 and December 23, 1941, respectively, being both of legal age at the times, formally renounced their legacies by instruments in writing. These instruments were duly filed in the Probate Court of Norfolk County under the appropriate Docket No. (Probate #99445), on March 12, 1942. Because of these renunciations, the legacies to which these persons would otherwise have been entitled have not been, and will not be, paid to them by the executors of the estate of Edith Fitz and the trustees under the will of Elizabeth Loring Fitz have not made and will not make any payment to the executors of the estate of Edith Fitz or to any legatees under the will of Edith Fitz of any of the assets of said trust. On March 16, 1942, a Fifth Tax Return, Form 709, was filed by Reginald Fitz, donor, showing aggregate gifts made by him on December 30, 1941, as follows: Donee
Amount
Phoebe M. Fitz (donor's wife)
$28,790.00
Phoebe M. Fitz (donor's daughter)
17,176.67
Reginald H. Fitz (donor's son)
6,808.33
$52,775.00
*61 Letters of transmittal with respect to each of these gifts were delivered by the donor and acknowledged by each of the donees at the time the gifts were made. During 1942 Reginald Fitz made further gifts to Phoebe M. Fitz, his daughter, aggregating approximately $2,829.75, and to Reginald H. Fitz, his son, aggregating approximately $3,528.13, but, since the aggregate amount of the gifts to either child did not exceed $4,000, no gift tax returns were filed for that year. As a result of the aforesaid renunciations by the niece and nephew of the decedent, the gross estate was adequate to pay all other legacies provided in the will of the decedent and otherwise to meet all debts and liabilities, including taxes, without the inclusion of any property over which the decedent held a power of appointment. It is agreed by the parties hereto that if said renunciations are not effective for Federal estate tax purposes, the gross estate should be increased by $37,602.89, subject to any additional adjustment or adjustments made necessary pursuant to the amended petition on file herein. The estate is entitled to a deduction of $1,000 which was paid by the executors in settlement of a claim *62 for $6,880 brought against it by a former employee of the decedent. The estate will be entitled to a reasonable deduction for attorneys' fees incurred in connection with this claim, and for attorneys' fees incurred in connection with the present litigation, if and when such attorneys' fees are paid. Section 811 (f) of the Code, [1] in effect at decedent's death, requires the inclusion in decedent's gross estate of the value of "any property passing under a general power of appointment exercised by the decedent (1) by will, * * *." In reliance thereon respondent contends that the $37,602.89 in question passed by decedent's conditional exercise of the power of appointment, since the bequests to all legatees vested upon decedent's death and the renunciation of their legacies by decedent's niece and nephew was ineffective to prevent the passing of this amount. Further, respondent contends that this Court should not recognize transactions which served no legitimate business purpose of the estate and which were designed solely to avoid a portion of the Federal estate taxes. *63 We are not persuaded by respondent's argument. Decedent's exercise of the power of appointment was conditional, as respondent admits. The condition was that if and to the extent that her executors were not able to pay in full the legacies given by Articles Fifth, Sixth and Seventh of her will, the deficiency should be paid from property over which decedent had the power of appointment. This condition never actually arose. In December after decedent's death in September, one of her nieces and one of her nephews renounced the legacies given them, and thereafter there was no deficiency of funds which would necessitate the payment of legacies from property over which decedent had the power of appointment. If, therefore, the renunciations were effective, no property passed by decedent's conditional exercise of her power of appointment. The law in Massachusetts is clear. There, devisees under a will have a right to elect whether or not they will accept a devise. Daley v. Daley, 308 Mass. 293, 32 N.E. (2d) 286, 290, and cases there cited. A similar rule is recognized in other jurisdictions, Brown v. Kalene (Iowa) 296 N.W. 809; Sanders v. Jones (Missouri) 147 S.W. (2d) 424; *64 In re Matthiessen's Will, 23 N.Y.S. (2d) 802. The rule is also recognized in Federal tax litigation, Central Hanover Bank & Trust Co. v. Commissioner, (New York) 118 Fed. (2d) 270, 26 AFTR 671, reversing 40 B.T.A. 1210; Helvering v. Grinnell (New York) 294 U.S. 153, 14 AFTR 1199, reversing B.T.A. Memorandum Opinion. Cf. Estate of Charlotte D. M. Cardeza, 5 T.C. 202 (Pennsylvania). Our findings show that two of the devisees here elected not to accept his or her devise and made their intent crystalclear with written renunciations. Applying the rule of the cited cases to the instant facts we hold that the renunciations were effective and prevented any property from passing under decedent's conditional exercise of her power of appointment. In Helvering v. Safe Deposit & Trust Co., 316 U.S. 56, 28 AFTR 1256 reversing 42 B.T.A. 145, the Supreme Court said, "* * * this Court has clearly recognized, in Helvering v. Grinnell, 294 U.S. 153, that events subsequent to the decedent's death, events controlled by his beneficiaries, can determine the inclusion or not of certain assets within the *65 decedent's gross estate under § 302 (f) * * *." Respondent's other contention is that, in any event, we should refuse to recognize the renunciations, for the reason that they were not bona fide and were ineffectual for tax purposes. He points out that the legatees received gifts from their father equivalent to the devises renounced and that the whole transaction was merely a device to avoid taxes, that devises adopted by taxpayers wihout other purpose than avoiding taxes have been repeatedly rejected by the courts, and that this court should not recognize transactions which served no legitimate purpose of the estate. He distinguishes the Grinnell case, supra, and Helvering v. Safe Deposit & Trust Company of Baltimore, Trustee, et al., supra, and contends that Estate of Rogers, et al. v. Helvering, 320 U.S. 410, 31 AFTR 759, reversing B.T.A. Memorandum Opinion, shows that the distinction made by this court in Central Hanover Bank & Trust Company, supra, was sound. Considering the respondent's argument and citations in reverse order we note that the Supreme Court in the Rogers case, supra, specifically stated that "the decedent did exercise his power." *66 Our decision here rests upon decedent's failure to exercise the power, i.e., the exercise was conditioned upon a contingency that did not arise. The distinctions attempted to be drawn between this case and the Grinnell and Safe Deposit & Trust Company cases, supra, do not remove this case from the controlling principle that it is property passing under the power of appointment that is to be included in the decedent's gross estate for tax purposes. Nor are we impressed by respondent's charge that the renunciations were not bona fide. The parties have stipulated that the two legatees formally renounced their legacies by instruments in writing, and that these instruments were filed with the Probate Court. We think the renunciations were bona fide. The fact that the legatees' father replaced the value of the devises renounced by subsequent gifts is insufficient to support the charge made, or bring this case within the authorities rejecting devices conceived primarily for the purpose of avoiding taxes. In recomputing the estate tax liability effect should be given to the admissions in the amended pleadings that petitioners are entitled to a $1,000 deduction for settlement of a claim against *67 the estate and for a reasonable deduction for attorneys' fees incurred in connection therewith and incurred in connection with the present litigation, if and when such attorneys' fees are paid. Decision will be entered under Rule 50. Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(f) PROPERTY PASSING UNDER GENERAL POWER OF APPOINTMENT. To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) * * *↩